636 A.2d 612

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Willard E. MORAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 26, 1993.

Decided Nov. 3, 1993.

486

Daniel S. Jonas, Philadelphia, for W. Moran.

Ronald Eisenberg, Hugh J. Burns, Philadelphia, Robert A. Graci, Atty. Gen. Office, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *OPINION*

ZAPPALA, Justice.

This appeal arises from the Appellant's conviction and sentence of death for the murder of John McCullough, President of Roofers Union Local No. 30, on December 16, 1980. On that day, Appellant rented a van, posed as a florist delivery man, and drove to the McCullough residence. After gaining entry, Appellant located McCullough and, in view of McCullough's wife, shot him to death with a .22 caliber Ruger pistol. Although McCullough's wife was unable to identify Appellant as the murderer, other evidence convinced the jury of his guilt. A sentencing hearing was then convened after which time the jury found two aggravating circumstances: contract killing and significant history of felony convictions. Finding no mitigating circumstances, the jury imposed the death penalty.

Prior to the imposition of the judgment of sentence, Appellant entered into an agreement with federal and state authorities in connection with other criminal charges. Under that agreement, Appellant waived his right to challenge the present convictions for murder and conspiracy and promised to enter guilty pleas in federal court to violations of the Hobbs Act, 18 U.S.C. § 1951, and conspiracy to commit interstate travel in aid of racketeering, 18 U.S.C. § 371. Appellant also promised to provide information and testimony in connection

with prosecutions and grand jury investigations of individuals associated with organized crime. In return, federal and state authorities agreed to notify the sentencing court in the present case that Appellant had been cooperative and request that a sentence of life imprisonment rather than death be imposed.

Judgment of sentence in this case was not imposed until 1990, at which time Appellant's extensive cooperation in the investigation of organized crime was brought to the attention of the sentencing court. As promised, the Commonwealth requested that a sentence of life imprisonment be imposed. The Court nevertheless sentenced Appellant to death. Appellant, in keeping with the foregoing agreement, has not raised before us any appellate issues pertaining to the validity of his conviction. He seeks only to have the sentence of death converted to a sentence of life imprisonment.

In all cases where a sentence of death has been imposed, a determination is made by this Court as to whether the evidence is sufficient to sustain a conviction for murder of the first degree. *Commonwealth v. Zettlemoyer*, 500 Pa. 16,, 454 A.2d 937 (1982), cert. denied, 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). In the present case, the evidence, characterized as "overwhelming" by the trial court, was plainly sufficient to establish guilt beyond a reasonable doubt.

Evidence was offered establishing Appellant's association with persons having interests in organized crime and union business affairs who stood to benefit from the death of McCullough. Various witnesses described extensive preparations made by Appellant to commit the murder. This testimony included arrangements for the purchase of guns and ammunition of the type used in the killing and procurement of the van used in the delivery scheme.

Immediately after the killing, Appellant was in a high state of exhilaration and told his friends to watch the 11:00 o'clock news to see an item of great interest. This item proved to be a report of McCullough's murder. Furthermore, one of Appellant's acquaintances heard, on two occasions, conversations in which Appellant described the exact manner in which the

murder was committed. On both of these occasions, Appellant admitted that he committed the crime.

Based upon the foregoing, we are satisfied that sufficient evidence of guilt was presented to sustain Appellant's conviction.

■ With respect to the imposition of the death sentence, this appeal is quite unusual. In this appeal, unlike most appeals, the Commonwealth has joined with the Appellant in arguing that the evidence of the remaining aggravating circumstance,[1] a contract killing, is insufficient to sustain the death penalty. The Commonwealth makes this argument in spite of its forceful argument before the sentencing jury that the evidence of a contract killing was "overwhelming." (Transcript of Proceedings of July 2, 1982, page 18.77). Fortunately for the Appellant, the Commonwealth has reviewed the testimony of the penalty phase and now is convinced that in light of our recent decision in *Commonwealth v. Burgos*, 530 Pa. 473, 610 A.2d 11 (1992), it erred in seeking the death penalty.[2] Because we find *Burgos* inapplicable and are unpersuaded by the Commonwealth's new revelations, we must sustain the sentence imposed.

**1.** An additional aggravating circumstance was found by the jury, to wit, that Appellant had a "significant history" of convictions for violent felonies. See 42 Pa.C.S. § 9711(d)(9). This finding arose from the fact that Appellant had, some years earlier, been convicted in New Jersey of murder in the second degree. The finding as to this aggravating circumstance was, however, invalidated by the sentencing court on the basis of *Commonwealth v. Goins*, 508 Pa. 270, 495 A.2d 527 (1985). In *Goins*, we held that a single prior conviction does not constitute a "significant history" of convictions. Subsequent to the sentencing verdict in this case, our Legislature amended the sentencing statute to include as an aggravating circumstance a single prior murder conviction. 42 Pa.C.S. § 9711(d)(11).

**2.** The Commonwealth also argues that the sentencing court should have acceded to the Commonwealth's request that notwithstanding the verdict of death, a sentence of life imprisonment be imposed. We note, however, that 42 Pa.C.S. § 9711(g) provides that when the jury has rendered a sentencing verdict, "[t]he court shall thereafter impose upon the Defendant the sentence fixed by the jury." A defendant's cooperation with authorities in connection with investigations conducted after the sentencing verdict was rendered, may properly be brought to the attention of the Governor in seeking executive clemency.

■ Section 9711(d)(2) of the Sentencing Code, 42 Pa.C.S. § 9711(d)(2), establishes as an aggravating circumstance that: The defendant paid or was paid by another person or had contracted to pay or be paid by another person or had conspired to pay or be paid by another person for the killing of the victim.

At the penalty phase, the Commonwealth offered the testimony of an official from the Heritage Bank of New Jersey to circumstantially establish that the Appellant was paid to commit the murder of McCullough. That bank official presented bank records of three bank accounts opened by Appellant subsequent to the date of the murder. The bank records established that between February and September of 1981, when Appellant had no job and was receiving no unemployment compensation, $8,200, mostly in cash, was deposited into his three bank accounts. Furthermore, from September 1981 to March 1982, $18,000, mostly in cash, was deposited into the same three bank accounts. In addition, on December 17, 1980, the day after the murder of McCullough, Appellant purchased a gold razor for $600 cash. Shortly thereafter, Appellant purchased a ring and two watches for $5,100 in cash.

Although the Commonwealth argued at the penalty phase that such evidence, although circumstantial, overwhelmingly established that Appellant was paid for killing McCullough, now it argues it is not. Furthermore, for the first time, the Commonwealth now argues that the basis for establishing a contract killing at the time of trial was the testimony of a high school friend of Appellant to the effect that Appellant would be rewarded with a better position with organized crime if he committed the murder. Although this testimony was offered at the trial, the Assistant District Attorney did not pursue this argument in his closing to the jury, but instead, relied upon the bank records and jewelry purchases.

In *Burgos,* the Appellant had killed his victim in *expectation* of receiving life insurance proceeds. The evidence failed to demonstrate either that the Appellant had paid someone to kill

his wife or that he was paid to kill his wife. Instead, the evidence established that Appellant had purchased a life insurance policy on his wife in the amount of $75,000, which provided a motive for the killing.

In reversing the judgment of sentence, we held that the evidence was not sufficient to prove the aggravating circumstance of contract killing since there was no evidence that the payment of life insurance proceeds, triggered by the victim's death, arose out of an agreement to kill the victim. While the payment of the insurance proceeds was triggered by the insured's death, the insurance carrier did not agree to pay the proceeds upon the murder of the insured.

Relying upon *Burgos,* the Commonwealth argues that the evidence was insufficient to establish a contract killing. Instead, the Commonwealth argues that the evidence established, at most, that the Appellant anticipated "future recognition" by organized crime or that "future wealth" *followed from* the killing. In any event, neither consideration was given *in exchange for* the killing. Commonwealth Brief, pp. 12–14. While the Commonwealth's attempt to salvage the integrity of the plea agreement with Appellant is noble, we cannot accept its argument.

When viewing the sufficiency of the evidence, the record must be reviewed in the light most favorable to the verdict winner with all reasonable inferences being considered in favor of the verdict winner to determine whether the evidence supports the verdict beyond a reasonable doubt. *Commonwealth v. Bryant,* 524 Pa. 564, 574 A.2d 590 (1990). Circumstantial, as well as direct evidence, may satisfy this requirement. *Commonwealth v. Cox,* 460 Pa. 566, 333 A.2d 917 (1975). The question is whether reasonable persons could believe that the monies used by Appellant to purchase jewelry and deposit into his bank accounts, at a time when he had no income, could have been payment for killing McCullough. We are satisfied that reasonable people could so conclude.

Finally, we have examined the record and find the sentence imposed was not a product of passion, prejudice, or any other

492

factor. Furthermore, the sentence of death is neither excessive nor disproportionate to the penalty imposed in similar cases based upon a review of the data compiled by the Administrative Office of the Pennsylvania Courts. Accordingly, we affirm the judgment of sentence.[3]

LARSEN, J., did not participate in the decision of this case.

**3.** The Prothonotary of the Supreme Court is directed to transmit a full and complete record of the trial, sentencing hearing, imposition of sentence, and review by this Court to the Governor.  42 Pa.C.S. § 9711(i).