J-A18020-15

2015 PA Super 239

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| DAVID ALLEN SATTAZAHN | |
| Appellee | No. 490 MDA 2014 |

Appeal from the Order dated March 4, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0002194-1989

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

OPINION BY STABILE, J.:                    **FILED NOVEMBER 20, 2015**

The Commonwealth appeals from an order[1] of the Court of Common Pleas of Berks County ("trial court"), granting Appellee David Allen Sattazahn's motion *in limine*.  Upon review, we reverse.

The facts and procedural history underlying this case are undisputed and have been detailed fully in prior appellate decisions.[2]  Briefly, in 1991, Appellee was convicted of first-degree murder for the April 12, 1987 shooting death of Richard Boyer during a robbery.  Appellee was sentenced

---

[1] Pursuant to Pennsylvania Rule of Appellate Procedure 311(d), the Commonwealth certified in its notice of appeal "that the order will terminate or substantially handicap the prosecution."  Pa.R.A.P. 311(d).

[2] *See*, *e.g.*, *Commonwealth v. Sattazahn*, 631 A.2d 597 (Pa. Super. 1993), *Commonwealth v. Sattazahn*, 763 A.2d 359 (Pa. 2000); *Commonwealth v. Sattazahn*, 952 A.2d 640 (Pa. 2008).

to life imprisonment because of a sentencing jury impasse. Subsequently, this Court reversed Appellee's first-degree murder conviction and remanded for a new trial.

On retrial, Appellee once again was convicted of first-degree murder. At the penalty phase, the Commonwealth sought to prove, *inter alia*, the aggravating circumstance set forth in Section 9711(d)(9) of the Sentencing Code, 42 Pa.C.S.A. § 9711(d)(9). Section 9711(d), relating to aggravating circumstances, provides in part:

Aggravating circumstances shall be limited to the following:

. . . .

(9) The defendant has a significant history of felony convictions involving the use or threat of violence to the person.

42 Pa.C.S.A. § 9711(d)(9). A jury recommended a sentence of death based upon its finding that aggravating circumstances, beyond a reasonable doubt, outweighed mitigating circumstances. The trial court formally sentenced Appellant to death on February 16, 1999. Our Supreme Court upheld the sentence. *See Commonwealth v. Sattazahn*, 763 A.2d 359, 369 (Pa. 2000). The United States Supreme Court granted certiorari and, eventually, affirmed the judgment of sentence. *See Sattazahn v. Pennsylvania*, 537 U.S. 101, 116 (2003).

Appellee petitioned for relief under the Post Conviction Relief Act (PCRA), alleging that his trial counsel failed to explore adequately all mitigating circumstances. The PCRA court agreed, awarding Appellee only

- 2 -

another penalty phase. Our Supreme Court affirmed the PCRA court's decision. *See Commonwealth v. Sattazahn*, 952 A.2d 640, 657 (Pa. 2008).

During jury selection for the new penalty phase, the Commonwealth again sought to introduce, *inter alia*, the aggravating circumstance of a significant history of felony convictions under Section 9711(d)(9). To establish this, the Commonwealth indicated to the trial court that it would introduce evidence that Appellee was convicted of third-degree murder for a killing that occurred on December 26, 1987. In response, Appellee made an oral motion *in limine*, asserting that, under Section 9711(d)(11), the Commonwealth was prohibited from introducing evidence that Appellee was convicted of third-degree murder for the December 26, 1987 killing, because the killing had occurred **after** the Boyer murder *sub judice*.[3] Section 9711(d)(11) of the Sentencing Code provides that aggravating circumstances include whether "[t]he defendant has been convicted of another murder committed in any jurisdiction and committed either before or at the time of the offense at issue." 42 Pa.C.S.A. § 9711(d)(11). Thus, Appellee argued that, because the December 26, 1987 killing occurred after the Boyer murder, the Commonwealth was precluded from relying on the

---

[3] The record reveals that the killing for which Appellee was convicted of third-degree murder occurred almost 9 months after the murder of Richard Boyer.

third-degree murder conviction to establish the Section 9711(d)(9) aggravator. In other words, Appellee argued that Section 9711(d)(11) limited the Commonwealth's ability to introduce, under Section 9711(d)(9), a conviction for a murder that occurred after the murder at issue here. The trial court agreed, granting Appellee's *in limine* motion. The Commonwealth timely appealed to this Court under Pa.R.A.P. 311(d).

On appeal, the Commonwealth raises a single issue for our review:

Did the trial court err when it ruled that, for purposes of proving the aggravating circumstance set forth at 42 Pa.C.S.A. § 9711(d)(9), the Commonwealth may not submit evidence that [Appellee] was convicted of third[-]degree murder for a killing that occurred after the murder of which he was convicted in this case.

Appellant's Brief at 4. Subsumed within the Commonwealth's issue is its argument that the trial court erred in concluding that Section 9711(d)(11) imposes a limitation on the use of a subsequent murder conviction to establish the Section 9711(d)(9) aggravator.[4] *Id.* at 16.

The Commonwealth presents the issue here as "one of statutory interpretation, which, as a question of law, requires that we apply a *de novo* standard of review." **Commonwealth v. Segida**, 985 A.2d 871, 874 (Pa. 2009) (citation omitted). When interpreting a statute, this Court is guided by the Statutory Construction Act (Act) of 1972, 1 Pa.C.S.A. §§ 1501-1991,

---

[4] To the extent Appellee argues that the phrase "threat of violence" as contained in Section 9711(d)(9) is ambiguous and uncertain, we reject this argument as waived. Appellee failed to raise this argument before the trial court. **See** Pa.R.A.P. 302(a).

which provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Commonwealth. v. Coto*, 932 A.2d 933, 935 (Pa. Super 2007) (citation omitted), *appeal denied*, 948 A.2d 802 (Pa. 2008). "[W]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Commonwealth. v. Fedorek*, 946 A.2d 93, 99 (Pa. 2008) (citing, *inter alia*, Section 1921(b) of the Act, 1 Pa.C.S.A. § 1921(b)). Only "[w]hen the words of the statute are not explicit" may this Court resort to statutory construction. 1 Pa.C.S.A. § 1921(c). Indeed, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). It is presumed "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S.A. § 1922(2). Thus, no provision of a statute shall be "reduced to mere surplusage." *Walker v. Eleby*, 842 A.2d 389, 400 (Pa. 2004). It is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S.A. § 1922(1). Finally, "we construe our sentencing statutes or parts of those statutes in *pari materia*." *Commonwealth. v. Stultz*, 114 A.3d 865, 885 (Pa. Super. 2015) (citing Section 1932 of the Act, 1 Pa.C.S.A. § 1932).

The question of whether Section 9711(d)(9) permits the Commonwealth to submit evidence of a felony, including murder, that was

committed subsequent to the crime for which the Commonwealth seeks the death penalty was addressed conclusively by our Supreme Court in a prior appeal in the case *sub judice*. In **Commonwealth v. Sattazahn**, 763 A.2d 359 (Pa. 2000), wherein Appellant challenged evidence under Section 9711(d)(9), our Supreme Court reasoned:

> The criminal history of [Appellee] changed since the original trial in May 1991. At the time of the retrial, he had a significant history of felony convictions that involve the threat of violence to the person. The fact that the offenses occurred **after** the instant murder is irrelevant under the law.

**Sattazahn**, 763 A.2d at 369 (emphasis added); **see also Commonwealth v. Johnson**, 985 A.2d 915, 927 (Pa. 2009) ("[T]he fact that the offenses offered to establish [a]ppellant's history of prior violent felony convictions occurred after [the victim's] murder is irrelevant [under Section 9711(d)(9)].").

Given the clear status of the law, as explained by our Supreme Court in **Sattazahn**, we must conclude that the trial court erred in prohibiting the Commonwealth from introducing evidence of Appellee's third-degree murder conviction for a crime that occurred **after** the Boyer murder in this case for purposes of establishing the Section 9711(d)(9) aggravator.

We next address the Commonwealth's argument that the trial court erred in concluding that Section 9711(d)(11) imposes a limitation on the Commonwealth's ability to use Appellee's subsequent third-degree murder conviction to establish the Section 9711(d)(9) aggravator.

At the outset, we note that the parties appear to agree that subsections 9711(d)(9) and (11) are clear and unambiguous. **See** Appellee's Brief at 7 ("The words of [Section] 9711(d)(11) are clear and unambiguous and must not be ignored or circumvented[.]"); **see also** Appellant's Brief at 17. Because the words of subsections 9711(d)(9) and (11) are clear and free from all ambiguity, we must apply the subsections according to their plain language.

As noted, Section 9711(d), relating to aggravating circumstances, provides in part:

> (9) The defendant has a significant history of felony convictions involving the use or threat of violence to the person.
>
>  . . . .
>
> (11) The defendant has been convicted of another murder committed in any jurisdiction and committed either before or at the time of the offense at issue.

42 Pa.C.S.A. § 9711(d)(9), (11).

To understand Section 9711(d)(11)'s limitations, if any, we must examine its origins. As our Supreme Court noted in **Commonwealth v. Moran**, 636 A.2d 612 (Pa. 1993), the legislature added Section 9711(d)(11) as a specific response to the Court's decision in **Commonwealth v. Goins**, 495 A.2d 527 (Pa. 1985). **Moran**, 636 A.2d at 613 n.1. In **Goins**, a jury imposed a capital sentence upon the appellant because the Commonwealth established the Section 9711(d)(9) aggravator by submitting only evidence of the appellant's prior conviction for second-degree murder. **Goins**, 495 A.2d at 533, n.1. On appeal, the Supreme Court vacated the death

sentence, holding that a single felony conviction for a crime of violence is insufficient to establish a significant history under Section 9711(d)(9). *Id.* at 532-34. After the sentencing verdict in *Goins*, our legislature amended Section 9711(d) to include as an aggravating circumstance a **single** prior murder conviction. *See Moran*, *supra*.

As the foregoing illustrates, the legislature did not include Section 9711(d)(11) to limit the effectiveness or application of Section 9711(d)(9).[5] Rather, the legislature included the Section 9711(d)(11) aggravator to allow the Commonwealth to introduce a single prior murder conviction as an aggravating circumstance at the penalty phase. Thus, subsections 9711(d)(9) and (11) are distinct aggravating circumstances that are self-contained and self-sustaining. Under Section 9711(d)(9), the Commonwealth is permitted to introduce a defendant's **significant history** of felony convictions so long as the defendant has more than two such convictions. *See Goins*, *supra*. Section 9711(d)(11), on the other hand, is triggered when a defendant has a **single** murder conviction for a murder that occurred before, or at the same time as, the murder for which a death sentence is sought. Accordingly, we conclude that the trial court erred in determining that Section 9711(d)(11) limits the application of Section 9711(d)(9) by prohibiting the Commonwealth from presenting evidence of

---

[5] Section 9711(d)(11) contains no language limiting the application of Section 9711(d)(9).

Appellee's third-degree murder conviction for a crime that occurred after the murder *sub judice*.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2015