J-S42019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARLOS QUENTO MATHIS | |
| Appellant | No. 1381 WDA 2015 |

Appeal from the PCRA Order August 6, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002715-2008

BEFORE: SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 31, 2016**

Carlos Quento Mathis appeals from the order entered August 6, 2015, in the Erie County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Mathis seeks relief from an aggregate term of 15 to 40 years' imprisonment, imposed May 14, 2009, after a jury found him guilty of, *inter alia*, robbery, kidnapping, and conspiracy.[1] On appeal, he challenges the ineffective assistance of trial counsel and the legality of his sentence. For the reasons below, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 2901(a)(2), and 903, respectively.

The facts and procedural history underlying this appeal are detailed in the PCRA court's July 14, 2015, opinion. *See* 7/14/2015, at 4-5. For our purposes, we note Mathis and a group of individuals robbed the Jockey Health Club during the early morning hours of August 3, 2008. The co-conspirators threatened the female employees at gunpoint and held them in a second floor room. The actors, inside the building, communicated *via* speakerphone with the getaway driver, co-conspirator Kaytlin Kramer, who was an employee at the club. Kramer later provided the details of the robbery to the police, and implicated Mathis.

Mathis was subsequently convicted of robbery, conspiracy, kidnapping, burglary, terroristic threats, theft, and receiving stolen property.[2] As noted above, he was sentenced to an aggregate term of 15 to 40 years' imprisonment. His 15-year minimum sentence was comprised of three mandatory minimum five-year sentences imposed on the charges of robbery, conspiracy, and kidnapping, for his use of a firearm during the commission of those offenses. *See* 42 Pa.C.S. § 9712.

A panel of this Court affirmed Mathis's judgment of sentence on direct appeal in May of 2011, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on December 27, 2012. *See*

---

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903, 2901(a)(2), 3502, 2706, 3921, and 3925, respectively.

*Commonwealth v. Mathis*, 30 A.3d 530 (Pa. Super. 2011), *appeal denied*, 60 A.3d 535 (Pa. 2012). He subsequently filed this timely, first PCRA petition on December 27, 2013. After the PCRA court mistakenly considered the petition to be Mathis's third, and dismissed it without appointing counsel, a panel of this Court vacated the order and remanded the case for the appointment of counsel.[3] *See Commonwealth v. Mathis*, 120 A.3d 1057 (Pa. Super. 2015) (unpublished memorandum). Counsel was subsequently appointed and filed a supplemental petition on June 30, 2015. On July 15, 2015, the PCRA court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Mathis did not respond to the court's Rule 907 notice, and, on August 6, 2015, the PCRA court dismissed the petition. This timely appeal followed.[4]

---

[3] Mathis's first petition, filed in December of 2009, resulted in the reinstatement of his direct appeal rights *nunc pro tunc*. His second petition, filed in March of 2012, resulted in the reinstatement of his right to petition the Supreme Court for allowance of appeal, *nunc pro tunc*. Consequently, the present petition, although technically his third, was the first filed after his judgment of sentence became final. *See Commonwealth v. Mathis*, 120 A.3d 1057 (Pa. Super. 2015) (unpublished memorandum at *2).

[4] On September 8, 2015, the PCRA court ordered Mathis to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mathis complied with the court's directive, and filed a concise statement on September 29, 2015.

In his first issue, Mathis asserts trial counsel was ineffective for failing to request a continuance when counsel entered his appearance on the first day of trial. Mathis explains that, prior to trial, he had been represented by Bruce Sandmeyer, Esq., who complained of late discovery in January of 2009, and filed a notice of alibi in March of 2009. However, on May 11, 2009, the first day of jury selection, Kevin Kallenbach, Esq., entered his appearance on Mathis's behalf. Mathis claims "it is unfathomable that an attorney can be assigned and competently represent an individual on charges like these – four felony and three misdemeanor 1 charges, on such short notice."[5] Mathis's Brief at 5. In particular, Mathis contends trial counsel was ineffective in failing to pursue an alibi defense, failing to obtain cell phone tower records to show the location of his phone during the robbery, failing to obtain prison phone records, and failing to review the inventory list of items seized from Kaytlin Kramer's truck "for possible suppression and/or cross-examination of police in their testimony." *Id.* at 6.

When reviewing an order dismissing a PCRA petition, we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "Great deference

---

[5] The record reveals that Mathis's first attorney, Sandmeyer, was retained. However, the record does not reveal whether Kallenbach was also retained or appointed.

is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

"[T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Spotz***, ***supra***, 84 A.3d at 311. Moreover, "[c]ounsel is presumed to have rendered effective assistance, and, if a claim fails under any required element …, the court may dismiss the claim on that basis." ***Commonwealth v. Reid***, 99 A.3d 470, 481 (Pa. 2014) (quotation omitted).

Here, Mathis's claim focuses on counsel's failure to request a continuance when he first entered his appearance on the morning of jury selection. Although Mathis insinuates counsel had inadequate time to prepare for trial, he is not entitled to relief based on mere supposition. Rather, in order to establish prejudice, Mathis must plead and prove that a continuance would have "materially aided counsel in rebutting the testimony of the Commonwealth's witness[es.]" ***Commonwealth v. Goins***, 495 A.2d 527, 531 (Pa. 1985), *superseded by statute on other grounds*, ***Commonwealth v. Moran***, 636 A.2d 612 (Pa. 1993), *cert denied*, 511 U.S. 1152 (1994).

To that end, Mathis asserts trial counsel failed to (1) properly pursue an alibi defense; (2) obtain cell phone tower records to show where Mathis's

phone was located at the time of the robbery; (3) obtain Kramer's prison phone records to demonstrate her post-arrest contact with Mathis; and (4) review the list of items seized from Kramer's truck "for possible suppression and/or cross-examination of police in their testimony." Mathis's Brief at 6. Based upon our review of the record, the parties' briefs, and the trial court's opinions, we find Mathis is entitled to no relief on these claims.

First, Mathis did present an alibi defense at trial. Jillian Krastins, Mathis's girlfriend at the time of trial, testified that Mathis was with her in her apartment on the evening of August 2, 2009, and did not leave until approximately 6:00 a.m. the next morning when Kramer came looking for him. *See* N.T., 5/13/2009, at 30-35. Mathis corroborated his whereabouts with his own testimony. *See id.* at 57-65. Nevertheless, he does not explain how his alibi would have been more credible had counsel requested a continuance.

Moreover, with regard to Mathis's cell phone records, the PCRA court noted the records were subpoenaed by the Commonwealth, entered into evidence at trial, and corroborated Kramer's testimony that she communicated with Mathis during the robbery while she waited in the getaway car. *See* PCRA Court Opinion, 2/14/2014, at 11. Although Mathis contends counsel was ineffective for failing to obtain the cell phone **tower records** in order to determine where Mathis's phone was located at the time

of the calls,[6] the PCRA court concluded this claim had no merit because, in contravention of Pa.R.Crim.P. 902(D),[7] Mathis "failed to attach the 'cell phone tower records' to his petition and has additionally failed to attach documentation or an affidavit stating that such records were available at the time of the trial." *Id.* at 12. We agree. Without some proof that the cell phone tower records would have established he was not at the club at the time of the robbery, Mathis has failed to demonstrate how he was prejudiced by counsel's failure to obtain the records.

Mathis also asserts counsel was ineffective for failing to obtain Kramer's prison phone call records to impeach her testimony. He does not explain, however, what these records would have contained, or how they could have been used to impeach Kramer. Accordingly, Mathis has again failed to demonstrate how this issue has arguable merit, or how he was prejudiced by counsel's omission. Indeed, absent some showing regarding

_____

[6] At trial, Mathis conceded he spoke with Kramer on his cell phone on the night of the robbery, but claimed he was in Krastins' apartment when he did so. N.T., 5/13/2009, at 61-64.

[7] Rule 902 provides, in relevant part:

> (D) The defendant shall attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached.

Pa.R.Crim. P. 902(D).

the relevance of these records, we will not find counsel ineffective for failing to request a continuance prior to trial.

Further, with regard to Mathis's contention that trial counsel was ineffective for failing to review the inventory list of items seized from Kramer's truck, we again find his unsubstantiated insinuation that the inventory list might contain something exculpatory is not a basis for relief. Moreover, Mathis failed to include this specific claim in either his *pro se* or amended PCRA petition. For that reason, it is waived. **See Commonwealth v. Elliott**, 80 A.3d 415, 430 (Pa. 2013) (holding petitioner waived claim on appeal; it was not raised in PCRA petition and petitioner did not obtain permission to amend his petition to include the claim), *cert. denied*, 135 S.Ct. 50 (U.S. 2014). Accordingly, we conclude Mathis is not entitled to relief on his first issue.

Next, Mathis argues trial counsel was ineffective for failing to request a more specific corrupt source jury instruction, considering "[t]he Commonwealth's case was largely predicated upon the testimony of Kaytlin Kramer, [his] former girlfriend" and accomplice. Mathis's Brief at 7. Mathis emphasizes that Kramer had "much to gain by being a witness for the Commonwealth." **Id.** Indeed, he notes "[i]n exchange for her testimony she was offered reduced charges and a diminished sentence." **Id.** While Mathis recognizes the trial court did provide a corrupt source instruction, he

claims the court's charge "did not adequately cover the situation, especially due to the personal relationship he had with Ms. Kramer."[8]  **Id.**

Our review of the certified record, and in particular the court's charge, reveals the trial court provided the jury with a corrupt source instruction taken almost verbatim from Pennsylvania Standard Suggested Jury Instructions (Criminal) 4.01.  **See** N.T., 5/13/2009, at 176-177.  Mathis does not explain how the charge was inadequate, or what more the trial court should have told the jury.  Accordingly, he is entitled to no relief on this claim.

In his final issue, Mathis challenges the sentence imposed by the trial court.  Specifically, he contends:  (1) his sentence is illegal pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013); (2) the imposition of a consecutive mandatory minimum sentence on the charge of conspiracy "runs in opposition to the intent of 42 Pa.C.S.A. [§] 9716 and subsequent provisions[;]"[9] and (3) counsel was ineffective for failing to object to the consecutive mandatory minimum sentences.  **See** Mathis's Brief at 8-12. We again find no relief is warranted.

_____

[8] Kramer was Mathis's girlfriend at the time of the crime.

[9] Mathis's Brief at 11.

With regard to Mathis's contention that his sentence is illegal,[10] we note that, in **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S. Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that our mandatory minimum sentencing statutes, including Section 9712, are unconstitutional where the language of those statutes "permits the trial court, as opposed to the jury, to increase the defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc), appeal denied*, 121 A.3d 247 (Pa. 2015); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (invalidating 42 Pa.C.S. § 9712), *appeal denied*, 124 A.3d 309 (Pa. 2015).

However, recently, in **Commonwealth v. Washington**, ___ A.3d ___, ___, 2016 WL 3909088, at *8 (Pa. July 19, 2016), the Pennsylvania Supreme Court definitively held that "**Alleyne** does not apply retroactively to cases pending on collateral review." The Court found **Alleyne** did not meet either criteria for the retroactive application of a new constitutional law outlined in **Teague v. Lane**, 489 U.S. 288 (1989) (plurality), in that it was neither "substantive in character, [nor a] watershed rule[] of criminal

---

[10] PCRA counsel raised this claim in Mathis's supplemental petition.

procedure." **Washington**, **supra**, ____ A.3d at ____, 2016 WL 3909088, at *2 (citations and internal punctuation omitted). Moreover, the Court also declined to "recognize an independent state-level retroactivity jurisprudence grounded on fairness considerations." **Id.** at ____, 2016 WL 3909088, at *7.

In the present case, Mathis's judgment of sentence was final on March 27, 2013, 90 days after the Pennsylvania Supreme Court denied his petition to appeal, and Mathis failed to petition the United States Supreme Court for a writ of *certiorari*. **See** 42 Pa.C.S. § 9545(b)(3). **See also** U.S.Sup.Ct.R. 13. Accordingly, Mathis's sentence was final at the time **Alleyne** was decided in June of 2013, and, pursuant to the holding of **Washington**, **supra**, he is not entitled to relief from his Section 9712 sentences.

With regard to Mathis's other sentencing claims, we find they are waived for our review. Mathis did not challenge either counsel's ineffectiveness for failing to object to the imposition of three consecutive mandatory sentences, or the court's imposition of a consecutive sentence on the count of conspiracy in either his *pro se* or supplemental PCRA petitions. **See Elliott**, **supra**. Accordingly, we may not consider these claims on appeal.[11]

Order affirmed.

---

[11] We note neither of these claims involve the legality of Mathis's sentence. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (noting this Court may raise a legality of sentencing claim *sua sponte*).

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/31/2016