J-A07044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSE FIGUEROA, JR. | : | |
| | : | |
| Appellant | : | No. 1084 MDA 2017 |

Appeal from the Judgment of Sentence June 23, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0003340-2017,
CP-22-CR-0003341-2017

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 22, 2018**

Appellant, Jose Figueroa, Jr., appeals from the judgment of sentence entered on June 23, 2017.  We conclude that Appellant's sentence was illegal because he did not receive credit for time served in juvenile detention.  Hence, we modify Appellant's judgment of sentence to reflect that he receive credit for time spent in juvenile detention.

The factual background of this case is as follows.  On April 5, 2017, Appellant was loitering near a playground.  A police officer noticed that Appellant, then 17 years old, had a firearm tucked into his waistband.  A second officer stopped Appellant and recovered the firearm.  At the conclusion of a detention hearing, the issuing authority ordered Appellant confined in a juvenile detention facility.  Four days later, Appellant participated in the vicious attack of three staff members at the juvenile detention facility.

_____
* Former Justice specially assigned to the Superior Court.

The procedural history of this case is as follows. On April 11, 2017, the Commonwealth filed two separate delinquency petitions in relation to the firearm possession and the detention facility assault. On June 23, 2017, pursuant to a plea agreement, Appellant consented to the transfer of the cases to the adult criminal division of the Court of Common Pleas of Dauphin County, pled guilty to possession of a firearm without a license[1] and aggravated assault,[2] and was sentenced to an aggregate term of two to four years' imprisonment. This timely appeal followed.[3]

Appellant presents one issue for our review:

Did the trial court abuse its discretion when it denied Appellant's request for time credit while detained at a juvenile detention facility be applied to his sentence?

Appellant's Brief at 3.

In his sole issue, Appellant argues that he was entitled to credit for time spent in juvenile detention. Although Appellant frames this as a challenge to the discretionary aspects of his sentence, "a claim based upon the failure to give credit for time served is a challenge implicating the legality of one's sentence." *Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa. Super. 2017) (cleaned up). "We review the legality of a sentence *de novo* and our scope of

---

[1] 18 Pa.C.S.A. § 6106(a)(1).

[2] 18 Pa.C.S.A. § 2702(a)(2).

[3] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

review is plenary." ***Commonwealth v. Foust***, 180 A.3d 416, 422 (Pa. Super. 2018) (citation omitted).

> Section 9760(1) governs credit for time served. It provides that:
>
> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). Pursuant to the Statutory Construction Act, when the plain language of a statute is clear and free of all ambiguity, we must give effect to that language. 1 Pa.C.S.A. § 1921(b); ***Commonwealth v. Sattazahn***, 128 A.3d 291, 295 (Pa. Super. 2015).

First, it is immaterial that most of Appellant's confinement occurred while awaiting disposition of the delinquency petitions. Section 9760(1) provides that a defendant is entitled to credit "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or **as a result of the conduct on which such a charge is based**." 42 Pa.C.S.A. § 9760(1) (emphasis added). This highlighted clause makes clear that the underlying conduct plays a significant role in determining if an individual is entitled to credit for time served. In this case, Appellant's confinement in the juvenile detention center resulted from his possession of a firearm near the playground and the assault on the facility staff. He ultimately pled guilty to possessing a firearm without a license and aggravated assault stemming from these incidents. It is abundantly clear that the conduct on which the charges

- 3 -

were based resulted in Appellant's confinement in the juvenile detention facility. Hence, the transfer of the charges from the juvenile division to the criminal division of the Court of Common Pleas of Dauphin County is immaterial when determining if Appellant is entitled to credit for the time spent in the juvenile detention center.

Appellant's confinement in the juvenile detention facility also meets the custodial requirement found in section 9760(1). Again, we turn to the Statutory Construction Act to determine the meaning of "in custody." "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S.A. § 1903; **see Estate of Wilner**, 142 A.3d 796, 802 (Pa. 2016) (citation omitted) (words and phrases in a statute are given their ordinary meaning).

The ordinary meaning of "in custody" includes confinement in a juvenile detention facility. **See, e.g. Commonwealth v. Heggins**, 809 A.2d 908, 914 (Pa. Super. 2002), *appeal denied*, 827 A.2d 430 (Pa. 2003) (Commonwealth conceding that a juvenile was in custody when confined in a juvenile detention facility); **Commonwealth v. Hubert**, 430 A.2d 1160, 1161 (Pa. 1981) (emphasis added) (The defendant "was a [16-year-old] . . . being held **in custody at a juvenile detention center**."); **see generally** National Partnership for Juvenile Services, *Desktop Guide to Quality Practice for Working with Youth in Confinement*, Feb. 11, 2015 (discussing how individuals in juvenile detention centers are in custody). Hence, the phrase "in custody"

in section 9760(1) is "free from all ambiguity" and includes time spent in juvenile detention. 1 Pa.C.S.A. § 1921. Because our inquiry ends with the plain language of the statute, Appellant is entitled to credit for time spent in juvenile detention as a result of the conduct for which he ultimately pled guilty.

Case law supports this interpretation of section 9760(1). This Court has held that our General Assembly intentionally used the term "in custody" rather than "imprisonment" and, therefore, "custody includes forms of restraint other than imprisonment." ***Commonwealth v. Druce***, 868 A.2d 1232, 1236 (Pa. Super. 2005) (cleaned up). Case law has drawn a distinction between time voluntarily spent at an institution versus time involuntarily spent at an institution. ***Commonwealth v. Toland***, 995 A.2d 1242, 1250 (Pa. Super. 2010), *appeal denied*, 29 A.3d 797 (Pa. 2011) ("[W]hether a defendant is entitled to credit for time spent in an [institution] turns on the question of voluntariness."). Our Supreme Court has held that defendants are not entitled to credit for time voluntarily spent in an institution. ***E.g. Commonwealth v. Conahan***, 589 A.2d 1107, 1110 (Pa. 1991). On the other hand, this Court has held that defendants are entitled to credit for time involuntarily spent in an institution. ***E.g. Commonwealth v. Tout–Puissant***, 823 A.2d 186, 190 (Pa. Super. 2003). Hence, as this Court explained in ***Toland***, we must examine whether Appellant's confinement was voluntary.

There is nothing in our jurisprudence that supports drawing a line between time spent in institutions for rehabilitative purposes versus time

spent in institutions for other purposes.[4] To the contrary, **Conahan** suggests strongly that this is irrelevant when determining if an individual was "in custody" for the purpose of section 9760(1). **Conahan** addressed the discretionary awarding of credit for time spent in a substance abuse treatment facility. Although time spent in a substance abuse facility is *ipso facto* rehabilitative, our Supreme Court in **Conahan** explained that the discretionary nature of the credit was based on the voluntariness of the treatment, not on the purpose for the treatment. **Conahan**, 589 A.2d at 1110.

Moreover, both juvenile detention centers and adult prisons address the rehabilitative needs of inmates. The Sentencing Code mandates that trial courts consider the rehabilitative needs of a defendant when imposing a sentence. 42 Pa.C.S.A. § 9721(b). The Supreme Court of the United States and our Supreme Court have similarly acknowledged that rehabilitation of inmates is a critical component of adult prisons. **Pell v. Procunier**, 417 U.S. 817, 822-823 (1974); **Brittain v. Beard**, 974 A.2d 479, 488 (Pa. 2009). Thus, there is only a minor rehabilitative distinction between juvenile detention centers and adult prisons and we must focus on the voluntariness of the confinement. In this case, the trial court ordered Appellant's confinement in the juvenile detention facility. Therefore, Appellant's

---

[4] Although section 9760(1) conditions credit on custodial detention arising from conduct on which a charge is based, the provision nowhere employs the term "rehabilitative." Likewise, our case law does not consider the term as a determinative factor in awarding credit for time served.

confinement was involuntary and he is entitled to credit under existing case law.

In sum, the plain language of section 9760(1) indicates that Appellant is entitled to credit for time spent in juvenile detention for the conduct to which he ultimately pled guilty. Moreover, case law indicates that Appellant is entitled to such credit for time involuntarily spent confined in the juvenile detention facility.[5] As Appellant does not challenge his convictions or the discretionary aspects of his sentence, we modify Appellant's judgment of sentence to indicate that he receive credit for time spent in the juvenile detention facility. *See* 42 Pa.C.S.A. § 706.

Judgment of sentence modified. Jurisdiction relinquished.

Judge Panella concurs in the result of the memorandum.

P.J.E. Stevens files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/22/2018

---

[5] As we conclude Appellant is statutorily entitled to credit for the time served in the juvenile detention center, we do not address his alternative discretionary claim.

- 7 -